NF

| PROB 22 (Rev. 09/12) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 2:16CR102- 003 |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASE | DISTRICT | DIVISION |
|---|---|---|
| Jennifer Johnson | Northern Indiana | Hammond |

*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF INDIANA*
I hereby certify the foregoing is a
true copy of the original on the file in this
court and cause.
ROBERT N. TRGOVICH, CLERK
By: _____
Date: 8/21/19

| NAME OF SENTENCING JUDGE |  |  |
|---|---|---|
| James T. Moody | | |
| DATES OF SUPERVISION | FROM 5/28/2019 | TO 5/27/2022 |

**OFFENSE**

DISTRIBUTION OF COOCAINE, A SCHEDULE II SUBSTANCE AND FORFEITURE ALLEGATIONS

# FILED

---

**PART 1 – ORDER TRANSFERRING JURISDICTION**

EC AUG 27 2019

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

    **IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. §3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's Order of Acceptance of Jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_August 21, 2019_
*Date*

**S/James T. Moody**

_____
*United States District Judge*

*This sentence may be deleted at the discretion of the transferring Court.

---

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    **IT IS HEREBY ORDERED** that jurisdiction over the above-named probation or supervised releasee be accepted and assumed by this Court from and after the entry of this Order.

**AUG 2 7 2019**
_____
*Effective Date*

_____
*United States District Judge*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Robert N. Trgovich, Clerk**                     www.innd.uscourts.gov

| Aug 21, 2019 |
|---|

Clerk, U.S. District Court
219 South Dearborn Street
20th Floor
Chicago, IL 60604

RE:     Name of Defendant: Jennifer Johnson
        Our Case Number: 2:16-cr-102
        Your Case Number:

Dear Clerk:

<u>Initial Transfer Out</u>

☒       Enclosed please find Probation Form 22 initiating the Transfer of Jurisdiction to your
        district. Please return a certified original to this office after jurisdiction accepted. Upon
        receipt, we will forward certified copies of the pertinent documents to you, or advise you
        how you may obtain them.

<u>Final Transfer Out</u>

☐       Enclosed please find certified copies of Probation Form 22 transferring the jurisdiction
        from the Northern District of Indiana to your District, charging document, Judgment &
        Commitment Order, Docket Sheet and Financial Case Ledger.
                                        or
☐       Enclosed please find certified copies of Probation Form 22 transferring the jurisdiction
        from the Northern District of Indiana to your District, along with a copy of the Financial
        Case Ledger. Copies of the docket, charging instrument and judgment may by obtained
        via pacer from www.innd.uscourts.gov

<u>Transfer In</u>

☐       Enclosed please find Probation Form 22 (certified) indicating that our court has accepted
        jurisdiction. Please forward certified a Financial Case Ledger and copies of the charging
        document (complaint/ indictment), Judgment & Commitment Order, Docket Sheet <u>or</u>
        advise us if these documents are accessible via pacer.

                        Sincerely,

                        ROBERT N. TRGOVICH, CLERK

                        By:  | s/N. Long |

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • Room 105 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6314

CASREF,CUSTODY,H7,TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: <u>2:16–cr–00102–JTM–APR–3</u>

Case title: United States of America v. Delacruz et al

Date Filed: 07/21/2016
Date Terminated: 07/19/2017

Assigned to: Senior Judge James T
Moody
Referred to: Magistrate Judge
Andrew P Rodovich

**<u>Defendant (3)</u>**

| | |
|---|---|
| **Jennifer Johnson**<br>*TERMINATED: 07/19/2017* | represented by **Thomas Anthony Durkin**<br>Durkin & Roberts – Chi/IL/Cla<br>2446 N Clark St<br>Chicago, IL 60614<br>312–981–0123<br>Fax: 312–913–9235<br>Email: tdurkin@durkinroberts.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained<br><br>**Robin V Waters**<br>Durkin & Roberts – Chi/IL/Cla<br>2446 N Clark St<br>Chicago, IL 60614<br>312–981–0137<br>Fax: 312–913–9235<br>Email: rwaters@durkinroberts.com<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 21:841(a)(1) DISTRIBUTION OF<br>COCAINE, A SCHEDULE II<br>CONTROLLED SUBSTANCE<br>AND FORFEITURE<br>ALLEGATIONS<br>(5) | The defendant is committed to the custody of the<br>U.S. Bureau of Prisons to be imprisoned for a<br>term of 37 months, followed by 3 years<br>supervised release. While on supervised release,<br>the defendant is subject to the mandatory and<br>discretionary conditions of supervision, as<br>indicated. The Court orders the defendant to<br>forfeit the property described in the forfeiture<br>allegation of the indictment and to pay a $100.00<br>Special Assessment. |

1

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 21:841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE AND FORFEITURE ALLEGATIONS (6) | Dismissed |
| 21:841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE AND FORFEITURE ALLEGATIONS (7) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

| **United States of America** | represented by | **Armando L Salinas − AUSA , Jr** |
| --- | --- | --- |
| | | US Attorney's Office − Ham/IN |
| | | 5400 Federal Plz Ste 1500 |
| | | Hammond, IN 46320 |
| | | 219−937−5500 |
| | | Fax: 219−852−2770 |
| | | Email: USAINN.ECFDeparted@usdoj.gov |
| | | *TERMINATED: 07/17/2019* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Government Attorney* |
| | | |
| | | **Nicholas J Padilla − AUSA** |
| | | US Attorney's Office − Ham/IN |
| | | 5400 Federal Plz Ste 1500 |
| | | Hammond, IN 46320 |
| | | 219−937−5500 |
| | | Fax: 219−852−2770 |

Email: nick.padilla@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/21/2016 | 1 | 9 | SEALED INDICTMENT as to Thomas Delacruz (1) count(s) 1, 2−3, Joshua Delacruz−Urra (2) count(s) 2−3, 4, Jennifer Johnson (3) count(s) 5, 6, 7. (Attachments: # 1 Restricted Ink Signature) (tc) (Entered: 07/22/2016) |
| 07/28/2016 | | | Judge update in case as to Thomas Delacruz, Joshua Delacruz−Urra, Jennifer Johnson. Magistrate Judge Andrew P Rodovich added. (rmn) (Entered: 07/28/2016) |
| 08/04/2016 | | | Arrest of Jennifer Johnson (rmn) (Entered: 08/04/2016) |
| 08/04/2016 | 11 | | INITIAL APPEARANCE as to Jennifer Johnson eld on 8/4/2016 before Magistrate Judge John E Martin. Govt appeared by atty Nicholas Padilla. Dft appeared in person without counsel. Noah Lauby appeared on behalf of U S Probation/Pretrial Services. Defendant advised of rights, charges and penalties. Defendant states she has counsel. Govt requests detention − Granted. Detention/Arraignment set for 8/8/2016 02:30 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. Defendant REMANDED to custody of US Marshal.(FTR Gold−JEM) (rmn) (Entered: 08/04/2016) |
| 08/04/2016 | 12 | | Arrest Warrant Returned Executed on 8/3/16 in case as to Jennifer Johnson. (kjp) (Entered: 08/04/2016) |
| 08/05/2016 | 14 | | PRETRIAL BOND REPORT as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (nlauby, ) (Entered: 08/05/2016) |
| 08/08/2016 | 15 | | DETENTION/ARRAIGNMENT HEARING as to Jennifer Johnson (3) Count 5,6,7 held on 8/8/2016 before Magistrate Judge Andrew P Rodovich. Govt appeared by atty Armando Salinas. Dft appeared in person and by attorney Thomas Durkin. Noah Lauby appeared on behalf of U S Probation/Pretrial Services. Dft moves for continuance of detention hearing − GRANTED. To be reset upon separate notification. Dft advised of charges and penalties. Dft waives reading of indictment and enters a plea of NOT GUILTY. Arraignment Order attached. Dft agrees and the Court rules that the time used to prepare and file pre−trial motions pursuant to FRCP 12(b) is excluded when calculating the time period for a speedy trial. Pretrial Motions due by 9/5/2016. Jury Trial set for 9/26/2016 08:00 AM in US District Court − Hammond before Judge Rudy Lozano. Final Pretrial Conference set for 9/16/2016 02:45 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. Defendant REMANDED to custody of US Marshal.(FTR Gold − PRC) (rmn) (Entered: 08/08/2016) |
| 08/16/2016 | 18 | | |

|  |  |  |
|---|---|---|
|  |  | MOTION to Unseal Case by United States of America as to Thomas Delacruz, Joshua Delacruz−Urra, Jennifer Johnson. (nal) (Entered: 08/16/2016) |
| 08/17/2016 | 19 | ORDER granting 18 Motion to Unseal Case as to Thomas Delacruz, Joshua Delacruz−Urra and Jennifer Johnson. ORDERED by Magistrate Judge Andrew P Rodovich on 8/17/2016. Text entry only. (rmn) (Entered: 08/17/2016) |
| 09/01/2016 | 20 | ATTORNEY APPEARANCE: Thomas Anthony Durkin appearing for Jennifer Johnson (Durkin, Thomas) (Entered: 09/01/2016) |
| 09/01/2016 | 21 | MOTION for Extension of Time to File *Pretrial Motions (Unopposed)* by Jennifer Johnson. (Durkin, Thomas) (Entered: 09/01/2016) |
| 09/06/2016 | 22 | ORDER: Court DENIES with leave to refile 21 Unopposed Motion for an Extension of Time to File Pretrial Motions as to Jennifer Johnson (3). Signed by Magistrate Judge Andrew P Rodovich on 9/6/2016. (tc) (Entered: 09/06/2016) |
| 09/06/2016 | 23 | MOTION to Continue *Trial Date and For Extension of Time to File Pretrial Motions* by Jennifer Johnson. (Durkin, Thomas) (Entered: 09/06/2016) |
| 09/07/2016 | 25 | ORDER: Court GRANTS 23 Motion to Continue as to Jennifer Johnson, Thomas Delacruz. The deadline to file Pretrial Motions is EXTENDED to 10/21/2016. Final Pretrial Conference RESET for 1/20/2017 09:30 AM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich. Jury Trial RESET as a primary setting for 1/30/2017 08:00 AM in US District Court − Hammond before Judge Rudy Lozano. Signed by Magistrate Judge Andrew P Rodovich on 9/7/2016. (tc) (Entered: 09/07/2016) |
| 09/16/2016 | 26 | ATTORNEY APPEARANCE: Robin V Waters appearing for Jennifer Johnson (Waters, Robin) (Entered: 09/16/2016) |
| 10/21/2016 | 27 | MOTION for Extension of Time to File *Pretrial Motions (Unopposed)* by Jennifer Johnson. (Durkin, Thomas) (Entered: 10/21/2016) |
| 10/24/2016 | 28 | ORDER granting 27 Motion for Extension of Time to File Pretrial Motions as to Jennifer Johnson (3) Pretrial Motions due by 11/21/2016.. Signed by Magistrate Judge Andrew P Rodovich on 10/24/2016. (jss) (Entered: 10/24/2016) |
| 11/21/2016 | 29 | MOTION for Extension of Time to File *Pretrial Motions (Unopposed)* by Jennifer Johnson. (Waters, Robin) (Entered: 11/21/2016) |
| 11/22/2016 | 30 | ORDER granting 29 Motion for Extension of Time to File as to Jennifer Johnson (3). Pretrial Motions due by 12/12/2016. Signed by Magistrate Judge Andrew P Rodovich on 11/22/16. (kjp) (Entered: 11/22/2016) |
| 12/12/2016 | 33 | MOTION for Extension of Time to File *Pretrial Motions (AGREED)* by Jennifer Johnson. (Waters, Robin) (Entered: 12/12/2016) |
| 12/12/2016 | 34 | ORDER GRANTING 33 Motion for Extension of Time to File as to Jennifer Johnson (3) and EXTENDS the deadline to file pretrial Motions to 1/2/2017. The period of delay resulting from this extension of time is to be excluded under the terms of the Speedy Trial Act and 18 U.S.C. § 3161(h). Signed by Magistrate Judge Andrew P Rodovich on 12/12/2016. (jss) (Entered: 12/12/2016) |

| 01/06/2017 | 35 | | MINUTE ORDER: On the Court's own motion, the Final Pretrial Conference set for 1/20/2017 before Magistrate Judge Andrew P Rodovich is RESET to 1/18/2017 01:00 PM in US District Court − Hammond before Magistrate Judge Andrew P Rodovich as to Thomas Delacruz, Jennifer Johnson. By Magistrate Judge Andrew P Rodovich on 1/6/2017. Text entry only. (tc) (Entered: 01/06/2017) |
| --- | --- | --- | --- |
| 01/18/2017 | 37 | | MINUTE ORDER: The Final Pretrial Conference set for 1/18/2017 before Magistrate Judge Andrew P Rodovich is VACATED as to Thomas Delacruz, Jennifer Johnson, to be reset by separate order. By Magistrate Judge Andrew P Rodovich on 1/18/2017. Text entry only. (tc) (Entered: 01/18/2017) |
| 01/19/2017 | 38 | | PLEA AGREEMENT as to Jennifer Johnson (Salinas − AUSA, Armando) (Additional attachment(s) added on 1/20/2017: # 1 Restricted Ink Signatures) (tlr). (Entered: 01/19/2017) |
| 01/20/2017 | 39 | | NOTICE OF HEARING as to Jennifer Johnson: Change of Plea Hearing is set for 1/27/2017 10:30 AM in US District Court − Hammond before Judge Rudy Lozano. US Marshal is ordered to produce defendant.(mc) (Entered: 01/20/2017) |
| 01/23/2017 | 43 | | NOTICE OF HEARING as to Jennifer Johnson regarding 39 Notice of Hearing: Change of Plea Hearing is reset for 1/27/2017 at 1:30 PM in US District Court − Hammond before Judge Rudy Lozano. NOTE: This is CHANGE IN TIME ONLY (per USM request). US Marshal is ordered to produce defendant.(mc) (Entered: 01/23/2017) |
| 01/27/2017 | 48 | | CHANGE OF PLEA HEARING as to Jennifer Johnson held on 1/27/2017 before Judge Rudy Lozano. Govt appeared by atty Armando Salinas. Dft appeared in person and by attys Thomas Durkin and Robin Waters. Sanjin Bosnjak appeared on behalf of US Probation/Pretrial Services. Defendant sworn and advised of rights and penalties. Defendant pleads guilty to count 5 of indictment to which court accepted. Court deferred acceptance of plea agreement until the time of sentencing and review of PSR. Defendant is referred to U.S. Probation for preparation of a presentence investigation report. General Order distributed to counsels. Trial date of 1/30/2017 is vacated. Sentencing is set for 5/31/2017 at 2:00 PM in US District Court − Hammond before Judge Rudy Lozano. Defendant REMANDED to custody of US Marshal.(Court Reporter Angela Phipps.) (mc) (Entered: 01/27/2017) |
| 01/27/2017 | | | Terminate Hearings as to all dfts: Jury Trial set for 1/30/2017 is VACATED. (mc) (Entered: 01/27/2017) |
| 02/03/2017 | 49 | | MOTION for Preliminary Order of Forfeiture by United States of America as to Jennifer Johnson. (Salinas − AUSA, Armando) (Entered: 02/03/2017) |
| 02/21/2017 | 50 | | PRELIMINARY ORDER OF FORFEITURE granting 49 Motion for Forfeiture of Property as to Jennifer Johnson (3). Signed by Judge Rudy Lozano on 2/21/17. (kjp) (Entered: 02/22/2017) |
| 03/28/2017 | 51 | | **DRAFT** PRESENCE INVESTIGATION REPORT as to **Jennifer Johnson**. NOTE: This document will only be accessible to the government attorney and the attorney for the applicable defendant. The judge in this case, other defendants and the general public will NOT be able to view this draft document. For parties entitled to a free look at this document, enter your |

5

| | | CM/ECF login and password to confirm your right to view this document. Parties should submit objections to this report *directly to the probation officer listed at the end of this docket entry*. **IMPORTANT!!! Government attorneys and federal community defenders should send objections by SECURE E−MAIL to the probation officer; private attorneys and CJA panel attorneys MUST send objections by FAX ONLY! Government Objections to the Draft Presentence Investigation Report are due not later than 4/11/2017 pursuant to Rule 32 and General Order of the Court 2001−1. Defendant Objections to the Draft Presentence Investigation Report are due not later than 4/11/2017 pursuant to Rule 32 and General Order of the Court 2001−1.** (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 03/28/2017) |
|---|---|---|
| 04/11/2017 | 52 | NOTICE OF NO OBJECTION to Presentence Investigation Report by United States of America as to Jennifer Johnson re 51 (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 04/11/2017) |
| 04/11/2017 | 53 | NOTICE OF NO OBJECTION to Presentence Investigation Report by Jennifer Johnson re 51 (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 04/11/2017) |
| 04/20/2017 | 54 | **FINAL** PRESENTENCE INVESTIGATION REPORT as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 04/20/2017) |
| 04/20/2017 | 55 | **ADDENDUM** TO FINAL PRESENTENCE INVESTIGATION REPORT re 54 as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 04/20/2017) |
| 05/16/2017 | 64 | **REVISED FINAL** PRESENTENCE INVESTIGATION REPORT as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (USPO Bosnjak − sanjin_bosnjak@innp.uscourts.gov, fax 219−852−3639) (Entered: 05/16/2017) |
| 05/16/2017 | 65 | **SECOND ADDENDUM** TO FINAL PRESENTENCE INVESTIGATION REPORT re 64 as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm** |

| | | | |
|---|---|---|---|
| | | | **your right to view this document.** (USPO Bosnjak – sanjin_bosnjak@innp.uscourts.gov, fax 219–852–3639) (Entered: 05/16/2017) |
| 05/22/2017 | 66 | | SENTENCING MEMORANDUM by Jennifer Johnson (Durkin, Thomas) (Entered: 05/22/2017) |
| 05/23/2017 | 68 | | SENTENCING MEMORANDUM by United States of America as to Jennifer Johnson (Salinas – AUSA, Armando) (Entered: 05/23/2017) |
| 05/26/2017 | 71 | | NOTICE as to Jennifer Johnson: The Court VACATES Sentencing hearing set for 5/31/2017 at 2:00 pm. New hearing date will be set under separate notice. (mc) (Entered: 05/26/2017) |
| 05/26/2017 | | | Terminate Sentencing Hearing per de 71 as to Jennifer Johnson. (mc) (Entered: 05/26/2017) |
| 06/29/2017 | | | Judge update in case as to Jennifer Johnson. Senior Judge James T Moody added. Judge Rudy Lozano no longer assigned to case. (kjp) (Entered: 06/29/2017) |
| 06/29/2017 | 78 | | ORDER as to Jennifer Johnson. Due to considerations of workload management and the speedy administration of justice, and pursuant to N.D. Ind. L.R. 40–1(f)(1), this action is reassigned from Judge Rudy Lozano to Judge James T. Moody. Signed by Chief Judge Theresa L Springmann on 6/29/17. (kjp) (Entered: 06/29/2017) |
| 07/05/2017 | 85 | | NOTICE OF HEARING as to Jennifer Johnson: Sentencing set for 7/18/2017 at 1:00 PM in US District Court – Hammond before Senior Judge James T Moody. (efc) (Entered: 07/05/2017) |
| 07/18/2017 | 89 | | SENTENCING MEMORANDUM by Jennifer Johnson (Durkin, Thomas) (Entered: 07/18/2017) |
| 07/18/2017 | | | Plea Agreement Accepted as to Jennifer Johnson (efc) (Entered: 07/18/2017) |
| 07/18/2017 | 91 | | SENTENCING held on 7/18/2017 for Jennifer Johnson (3) before Senior Judge James T Moody. Govt appeared by atty Armando Salinas. Dft appeared by atty Thomas Durkin and atty Robin Waters. Sanjin (Sonny) Bosnjak appeared on behalf of U S Probation/Pretrial Services. The Court accepts the plea agreement. Count 5: The defendant is committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 37 months, followed by 3 years supervised release. While on supervised release, the defendant is subject to the mandatory and discretionary conditions of supervision, as indicated. The Court orders the defendant to forfeit the property described in the forfeiture allegation of the indictment and to pay a $100.00 Special Assessment. Count(s) 6, 7: Dismissed. The defendant is remanded to the custody of the U.S. Marshal. (Court Reporter Angela Phipps) (efc) (Entered: 07/18/2017) |
| 07/19/2017 | 92 | 27 | JUDGMENT as to Jennifer Johnson (3). Signed by Senior Judge James T Moody on 7/19/17. (efc) (Entered: 07/19/2017) |
| 10/03/2017 | 99 | | Judgment Returned Executed as to Jennifer Johnson on 9/5/17. (nal) (Entered: 10/03/2017) |
| 11/27/2017 | 100 | | MOTION for Final Order of Forfeiture by United States of America as to Jennifer Johnson. (Attachments: # 1 Exhibit DOP)(Salinas – AUSA, Armando) |

| | | | (Entered: 11/27/2017) |
|---|---|---|---|
| 12/13/2017 | 101 | | FINAL ORDER OF FORFEITURE granting 100 Motion for Forfeiture of Property as to Jennifer Johnson (3). Signed by Senior Judge James T Moody on 12/13/17. (kjp) (Entered: 12/13/2017) |
| 08/21/2019 | 137 | | PROBATION FILING as to **Jennifer Johnson**. NOTE: This document will only be accessible to appropriate court staff, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. **For parties entitled to a free look at this document, enter your CM/ECF login and password to confirm your right to view this document.** (calexander, ) (Entered: 08/21/2019) |
| 08/21/2019 | 138 | | TRANSFER OF JURISDICTION ORDER as to Jennifer Johnson. Signed by Senior Judge James T Moody on 8/21/19. (nal) (Entered: 08/21/2019) |
| 08/21/2019 | 139 | | Letter to USDC for the Northern District of Illinois re Transfer of Jurisdiction. (nal) (Entered: 08/21/2019) |
| 08/22/2019 | 140 | | Jurisdiction Transferred to USDC Northern District of Illinois as to Jennifer Johnson. (jat) (Entered: 08/28/2019) |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **2 · 16 CR   102** |
| | ) | Cause No._____ |
| v. | ) | |
| | ) | |
| THOMAS DELACRUZ | ) | 21 U.S.C. §841(a)(1) |
| JOSHUA DELACRUZ-URRA | ) | 18 U.S.C. § 2 |
| JENNIFER JOHNSON | ) | |

-FILED-

JUL 21 2016

At_____, Clerk
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

On or about May 10, 2016, in the Northern District of Indiana,

**THOMAS DELACRUZ,**

defendant herein, knowingly or intentionally distributed a quantity of a

mixture and substance containing a detectable amount of cocaine, a schedule

II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

COUNT 2

On or about May 12, 2016, in the Northern District of Indiana,

**THOMAS DELACRUZ AND JOSHUA DELACRUZ-URRA,**

defendant herein, knowingly or intentionally distributed a quantity of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 3

On or about May 17, 2016, in the Northern District of Indiana,

**THOMAS DELACRUZ AND JOSHUA DELACRUZ-URRA,**

defendant herein, knowingly or intentionally distributed a quantity of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>

On or about May 26, 2016, in the Northern District of Indiana,

**JOSHUA DELACRUZ-URRA,**

defendant herein, knowingly or intentionally distributed a quantity of a

mixture and substance containing a detectable amount of cocaine, a schedule

II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 5</u>

On or about June 23, 2016, in the Northern District of Indiana,

**JENNIFER JOHNSON,**

defendant herein, knowingly or intentionally distributed a quantity of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

13

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 6

On or about June 28, 2016, in the Northern District of Indiana,

**JENNIFER JOHNSON,**

knowingly or intentionally possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 7</u>

On or about June 28, 2016, in the Northern District of Indiana,

**JENNIFER JOHNSON,**

knowingly or intentionally possessed with intent to distribute a quantity of a

mixture and substance containing a detectable amount of methamphetamine,

a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts __5__ through __7__ of this Indictment, defendant, JENNIFER JOHNSON shall forfeit to the United States pursuant to Title 21 United States Code Section 853, any and all property constituting or derived from proceeds the defendants obtained, directly or indirectly, as a result of the said violations and any and all property used or intended to be used, in any manner or part to commit or to facilitate the commission of the said violations of Title 21, United States Code, Sections 841(a)(1) and   alleged in Counts   of this indictment, including but not limited to the following:

1.   Six thousand and sixty-two dollars ($6062.00) in U.S. currency.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States,

pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of

said defendants, up to the value of the above forfeitable property.

A TRUE BILL:

S/FOREPERSON
FOREPERSON

DAVID CAPP
UNITED STATES ATTORNEY

By:    S/ Armando L. Salinas, Jr.
       Armando L. Salinas, Jr.
       Special Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION
#### JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CASE NUMBER 2:16CR102-003** |
| **v.** | ) | **U.S.M. No. 16529-027** |
| | ) | |
| **JENNIFER JOHNSON,** | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | **THOMAS DURKIN, ROBIN  WATERS,** |
| | ) | **ATTORNEYS FOR DEFENDANT** |

**THE DEFENDANT** pleaded guilty to count 5 of the Indictment on January 27, 2017.

| Title, Section & Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|
| 21:841(a)(1) DISTRIBUTION OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE AND FORFEITURE ALLEGATIONS | June 23, 2016 | 5 |

Defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 6 and 7 of the Indictment are **DISMISSED** on the motion of the United States.

July 18, 2017
_____
Date of Imposition of Judgment

/s/ James T. Moody
_____
James T. Moody, Judge
United States District Court

July 19, 2017
_____
Date Signed

Defendant: JENNIFER JOHNSON
Case Number: 2:16CR102-003

## IMPRISONMENT

Accordingly, the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **37 months.**

The Court makes the following recommendations to the Bureau of Prisons:

The defendant be given credit for time served while awaiting her sentencing.

The defendant be placed in FPC Greenville in Greenville, Illinois to be the place of service of this prison sentence.

The defendant be placed in an institution with the following program(s):  a residential drug abuse treatment program, a mental health counseling program, an anger management counseling program, an educational program, and a vocational training program.

The defendant receive prerelease placement in a residential reentry center upon release.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

2

Defendant: JENNIFER JOHNSON                                              Page 3 of 9
Case Number: 2:16CR102-003

## SUPERVISED RELEASE

Upon the defendant's release from prison by the Bureau of Prisons, she is to immediately be placed on supervised release for a term of 3 years.

## MANDATORY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following mandatory conditions:

**1.** You shall not commit another federal, state, or local crime.

**2.** You shall not unlawfully possess a controlled substance.

**3.** You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter as determined by the court for use of a controlled substance. This condition may be ameliorated or suspended by the court if your presentence report or other reliable sentencing information indicates a low risk of future substance abuse.

**4.** You shall cooperate in the collection of a DNA sample from you if the collection of such a sample is authorized under section 3 of the DNA Analysis Backlog Elimination Act of 2000.

3

Defendant: JENNIFER JOHNSON
Case Number: 2:16CR102-003

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

**1.** Unless directed otherwise by the probation officer, you must report to the probation office in the federal judicial district where you reside within 72 hours of your release from imprisonment or commencement of probation. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. It also allows the probation office to begin the supervision process by requiring the defendant to notify the probation office that he or she has been released from the custody of the Bureau of Prisons or that he or she has commenced the specified term of probation.)*

**2.** After initially reporting to the probation office in the federal judicial district where you reside, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to: Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

**3.** You must answer truthfully the questions the probation officer asks you related to the conditions of supervision. This condition does not prevent you from invoking your Fifth Amendment privilege against self-incrimination. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. The purpose of this condition is to build positive rapport and facilitate an honest discussion between the probation officer and the defendant. Accurate and complete information about the nature and circumstances of the offense and the history and characteristics of the defendant is necessary to implement effective supervision practices. This condition also promotes the safety of the probation officer by notifying him or her of possible safety threats (e.g., weapons or other occupants in the defendant's home with a history of violence). The probation officer attempts to develop and maintain a positive relationship with the defendant through transparent communication and the implementation of core correctional practices (e.g., active listening, development of problem solving skills, and effective reinforcement). Finally, this condition allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

4

USDC Case 1:19-cv-00667 Document #: 2 Filed 08/28/19 Page 24 of 28 PageID #22 of 26

Case 2:16-cr-00102-JTM-APR   Document 92   Filed 07/19/17   Page 5 of 9   Page 5 of 9
Defendant: JENNIFER JOHNSON
Case Number: 2:16CR102-003

**4.** You must not knowingly leave this federal judicial district without first getting permission from the court or the probation officer.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to: Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  It also allows the probation officer to supervise the defendant by setting boundaries for travel without permission and by keeping the probation officer informed of the defendant's whereabouts.  Finally, it allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

**5.** You must follow the instructions of the probation officer designed to make sure you comply with the conditions of supervision.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; aid the defendant in bringing about improvements in his or her conduct and condition; instruct the defendant as to the conditions specified by the sentencing court; provide a written statement of those conditions that is sufficiently clear and specific to serve as a guide for such supervision as is required; and provide enforceable instructions that reasonably derive from or are necessary to ensure compliance with the court-imposed conditions of supervision.)*

**6.** You must not own, possess, or have under your control a firearm, ammunition, destructive device or dangerous weapon.  *(This condition serves the statutory sentencing purpose of public protection.  By allowing the probation officer to supervise the defendant without risk to safety caused by the possession of weapons, it enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it promotes the public safety and reduces safety risks posed by the defendant to the community and the probation officer, and it assists in ensuring that the defendant is complying with other conditions such as the prohibition of committing new crimes including the prohibition of possession of certain weapons for defendants convicted of certain crimes.)*

**8.** You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must tell the probation officer at least ten calendar days before the change.  If telling the probation officer in advance is not possible due to unanticipated circumstances, you must tell the probation officer within 72 hours after the change.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant and to aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, this condition allows the probation*

5

*officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

**9.** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, you must tell the probation officer within 72 hours after the change. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. Finally, it allows the probation officer to be aware of changes in the defendant's residence so that the probation officer can determine whether such a change poses a risk to the community or impacts the defendant's risk and needs. Advance notice of such a change is necessary to allow time to assess the suitability of the new residence.)*

**10.** You shall refrain from excessive use of alcohol. This includes "binge drinking" and "heavy drinking." "Binge drinking" is defined as a pattern of drinking that brings blood alcohol concentration levels to 0.08 grams per deciliter or higher. "Heavy drinking" is defined as "consuming fifteen drinks or more per week," or any use of alcohol that adversely affects your employment, relationships, or ability to comply with the conditions of supervision, or which results in the violation of any local, state, or federal laws including disorderly intoxication or driving under the influence. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also allows the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

**11.** You must not go to, or be at any place where you know or reasonably should know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also prevents the defendant from being in an environment where crimes are occurring, antisocial associates are present, or there is an increased risk of substance abuse. Finally, it enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

**12.** If you know someone is committing a crime, or is planning to commit a crime, you must not knowingly communicate or interact with that person in any way. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person in any way without first getting the permission of the probation officer. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing*

6

*court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it prevents antisocial relationships, encourages pro-social relationships, provides the defendant with a justification to avoid associating with persons convicted of felonies, and may deter future criminal conduct that may be jointly undertaken with those persons.)*

**13.** You must allow the probation officer to visit you at home or at any other reasonable location and you must permit the confiscation of any contraband the probation officer observes in plain view.  A visit between the hours of 11:00 p.m. and 7:00 a.m. shall be conducted only when the probation officer has a reasonable belief that you have violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time.  If you are placed on home detention with location monitoring equipment and the monitoring service alerts the probation office that either the monitoring equipment has malfunctioned or that you are in noncompliance, you must allow the probation officer to visit you at any time to ensure that the location monitoring equipment is functioning properly and that you are in compliance with your home detention condition.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it allows the probation officer to implement effective supervision strategies by making the probation officer aware of the defendant's living environment, and standard of living; by facilitating the development of rapport with the defendant's family members, friends, and other members of the defendant's support network; and by providing an environment that may in some cases be more conducive to open and honest communication with the probation officer.)*

**14.** You must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it allows the probation officer to be aware of potential criminal activity or involvement in high-risk situations by the defendant and it assists in ensuring that the defendant is complying with other conditions such as the prohibition on committing new crimes or associating with those involved in criminal activity.)*

**19.** Unless an assessment at the time of release from imprisonment or commencement of probation indicates that participation is not necessary, you must participate in a drug and alcohol abuse treatment program and follow the rules and regulations of that program.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay the costs of the program if financially able.  You must not use or possess any controlled substances without a valid prescription.  If you do have a valid prescription, you must follow the instructions on the prescription.  You must not use or possess alcohol during the course of treatment.  You must submit to substance abuse testing, not to exceed 85 tests per year, to determine if you have used a prohibited substance.  You must not knowingly purchase,

Defendant: JENNIFER JOHNSON                                                                        Page 8 of 9
Case Number: 2:16CR102-003

possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer. *(This condition serves the statutory sentencing purposes of public protection, deterrence, and rehabilitation. This condition also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. Social science research has shown that substance abuse draws one to antisocial others, exposes one to antisocial attitudes, interferes with prosocial relationships, hampers success at employment, and leads to impulsive decision making. Drug testing deters the defendant from possessing illegal drugs by making him or her cognizant that unlawful possession can be discovered at any time through drug testing, protects the public by enhancing the ability of the probation officer to detect unlawful substances and by assisting with substance abuse treatment, and assists with substance abuse treatment by providing a barometer for change. Abstinence from alcohol use is necessary because research shows that alcohol use is likely to trigger a recovering drug abuser's return to drug use. Additionally, substance-dependent defendants may substitute alcohol for their drug of choice.)*

**26.** You must complete 6 hours of community service per week in a program approved by the probation officer until you are employed at least 30 hours per week. If you are not employed within 60 days of placement on supervision for at least 30 hours per week, your community service hours will increase to 12 hours per week until you are employed for at least 30 hours per week. You must provide written verification of completed hours to the probation officer. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant and to aid the defendant in bringing about improvements in his or her conduct and condition. Finally, it serves as the publicly discernible penalty in probation cases or as a negative consequence for noncompliance with conditions of supervision; as a controlling strategy that requires the defendant to be productively occupied; or as a correctional strategy that provides a way for the defendant to acquire job readiness skills and job experience or broaden his or her network of associates in a more productive direction. In addition to the specific sentencing purpose to be served, the desired by-product of community service is always to benefit the community.)*

**33.** You must not make any agreement with a law enforcement agency to act as a special agent or confidential informant without first getting the permission of the court. *(A confidential informant is a defendant who engages in the prohibited activity of associating with persons engaged in criminal activity for the purpose of furnishing information to or acting as an agent for a law enforcement or intelligence agency. Since the inception of the federal criminal justice system, prosecutors have utilized defendants supervised in the community as confidential informants. The activities required of confidential informants, however, may potentially conflict the conditions normally imposed by a court. Acting as a confidential informant is generally inconsistent with the rehabilitative and re-integrative goals of supervision. Such activities may also pose risks to the probation officer who supervises the defendant, especially when he or she has limited knowledge or no knowledge of the nature of the defendant's*

8

Defendant: JENNIFER JOHNSON                                                    Page 9 of 9
Case Number: 2:16CR102-003

*activities. There are rare occasions, however, when the law enforcement benefits to the community justify permitting the defendant to engage in this high-risk activity. In these cases, strict monitoring by the court and the probation office is necessary for the safety of the community, the defendant, and the supervising probation officer.)*

## FINANCIAL OBLIGATIONS

Forfeiture of the property described in the forfeiture allegations of the Indictment to the United States is hereby ordered.

The defendant shall pay to the United States a special assessment in the amount of $100.00, which is due and payable immediately to the Clerk of this court.

While incarcerated, the defendant may pay her financial obligation(s) from wages earned by participating in the inmate financial responsibility program. Nonparticipation may result in a denial of certain privileges to which she might otherwise be entitled.

The defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, mailing address, or material change in her economic circumstances until this financial obligation(s) is fully paid.

Because the defendant does not have the funds or financial resources to pay a fine without impairing her ability to support herself and her dependent(s), I am imposing no fine.

9